H. J. Talcott, Appellant, *vs.* Lewis P. Marston, Respondent.

APPEAL FROM A JUDGMENT OF THE DISTRICT COURT OF RAMSEY COUNTY.

Assessment of damages upon three promissory notes—the first for $110, with interest at the rate of six per cent. per annum from date until due, and five per cent. per month after due until paid; the second, for $48, with interest after due at the rate of five per cent. per month until paid, value received; and the third for $78, with interest from date until due at the rate of two and one half per cent. per month, and interest after due until paid at the rate of three per cent. per month. Held—that the contract for interest ceases with the maturity of the note; that the agreement to pay interest after maturity is without consideration, and is in effect an attempt to liquidate the damages for a breach of the contract, which the law will not permit, and that the measure of damages upon the said contracts after their maturity, was the legal rate of interest, to wit, seven per cent. per annum.

Where an action is brought on breach of a money contract, the law implies damages to the extent of the legal rate of interest on the sum due, and an allegation of damages is not only unnecessary, but inadmissible.

The following are the points and authorities relied upon by the Counsel for the Appellant :

The Court below erred in allowing the Plaintiff any interest upon the second note specified in the complaint.

*First.—Interest* could not be allowed, because there was no contract to pay interest. *Mason & Craig, Plaintiffs in Error, vs. Calendar, Flint & Co., Defendants in Error, case not reported, decided at December Term, Min. Sup. Court,* 1858, *see decision on file ; Rev. Stat. of Minnesota,* 1851, *p.* 155, *Title, Interest.*

*Second.—Damages* could not be allowed, because there was neither allegation nor proof that the Plaintiff suffered damage by Defendant's breach. *Case above cited; also,* 1 *Chit. Pl.* 373, 338, 337 ; 2 *John. R.* 149 ; 6 *Carrington & Payne* 620 ; *Wayne on the Law of Damages,* 27, 29, 87, 120, 281, (16 *Law Library;*) *Du Belloix vs. Lord Waterpark,* 16 *English Common Law Rep.* 12 ; *Paine vs. Pritchard,* 2 *Carrington & Payne* 731 ; *Rev. Stat. of Min., p.* 15 *of Amendments to Sec.* 48.

The following are the points and authorities relied upon by the Counsel for the Respondent :

The damages upon *all three* of the notes should have been assessed at the rate of *seven per centum per annum.*

The decision of the case of Callendar Flint & Co. *vs.* Mason & Craig, in this Court is, we respectfully submit, erroneous.

The argument upon which that decision rests is this:

The measure of damages upon a note or other contract to pay money, is the same as the legal rate of interest of that same note or contract.

Any rate of interest agreed upon and specified in writing in a note or other contract, *is* the legal rate of interest of that note or contract.

Therefore the measure of damages upon a note or contract to pay money, in which any rate of interest has been agreed upon and specified in writing, is the same as such agreed rate of interest.

There is, we respectfully submit, a fallacy in the major premise of this argument. It assumes as a proposition of law, that the measure of damages upon any money contract, is identical with whatever rate of interest is legal *as such*, and recoverable *upon that particular contract*.

This proposition, to be sustained, must have the support of either, first, positive statute, or secondly, judicial authority and precedent, or thirdly, reason and analogy. It has not the support of either one of them. It is not in any statute. There is no judicial authority or precedent for it. But on the contrary, the whole weight of that authority is in support of the proposition that the measure of damages in such cases is identical with *that rate of interest which would be legal without any agreement* to that effect. Legal interest in the law of damages means that rate of interest which is legal *without any agreement* to pay it, and not that which is legal *by virtue of such agreement.*

The said proposition is opposed to the reason and policy of the law—to the fundamental principles of the law of damages, and if followed as a precedent, will work manifest injustice.

We submit the following as the true legal argument upon this point:

The measure of damages upon *all* notes and other contracts to pay money, is identical with *that rate of interest* which the

Legislature has prescribed as legal *in those cases in which no rate is agreed upon or specified in writing.*

The rate of interest which the Legislature has prescribed as legal, in those cases where no rate is agreed upon, or specified in writing, is seven per centum per annum. Therefore the measure of damages upon *all* notes and contracts to pay money, is at the rate of seven per centum per annum.

The second section of our statute upon interest is the same as the first section of the New York statute, *as the latter is expounded and enforced by the Courts of New York.* And the practice there is to give as damages, *not the rate of interest which, as such, is legal in the particular contract, but that which would be legal if the contract were silent* upon the rate. Thus when six per cent. per annum is specified in a note, it is the legal rate of interest, as such, of that note. But seven per cent. is the measure of damages, the same as if the six per cent were not specified.

In all States where the Legislature has provided that in the absence of an agreement as to the *rate* of interest a certain rate should be the legal rate, the Courts have adopted *the latter as the rate of damages in all cases without regard to the agreed rate*, if there was one. The only instances of the agreed rate being followed as a rule of damages, are those cases in States which have peculiar statutory provisions in regard to the same, and in those cases where the parties have specified the rate which the law would give without any agreement, and in those latter cases it is given because of the law and not of the agreement.

The real damage incurred by the non-payment of money, has relation to the value of money at the default and during the time of detention. And its value, or supposed value, at the date of the contract or any other time, has nothing to do with the question. And the real damages are the same in all cases. The fundamental principle of the law of damages is that the damage for the detention of anything, is what the use of that thing is reasonably worth under ordinary circumstances, for and during *the particular time that it was wrongfully detained.*

The nature and character of money as the standard measure of the value of all things, requires that it have in law a determined and uniform value.

It is the creation of the law, and would not be *money* if regarded as subject to the same fluctuation as commodities.

The Legislature prescribed the rate of seven per cent. in those cases mentioned in the second section of our interest statute, for two reasons. First, because of the necessity of having a rule of law, and avoiding the endless controversy which would occur if proof was resorted to; second, because that rate as a general rule is a fair and just compensation.

Now both of these reasons apply with great force in favor of following it as a measure of damages. *Rev. Stat. Min., p. 155,* (376 *new ed.*) *Rev. Stat. N. Y., vol, 2, p. 56; Eng. Stat. of Usury, (Appendix to Kelly on Usury;) U. S. Bank vs. Chapin,* 9 *Wend.,* 471; *Ludwick vs. Huntsinger,* 5 *Watts & Seargent,* 51; *Sedg. on Damages,* 57, 65; 2 *Greenl. Ev.,* 258; *Sedg. on Damages,* 30, 37, 233, 236, 360, 372, 377, 329, 608; 2 *Greenl. Ev.,* 262, 269; *Domat on Civil Law,* 740, 743, 747; 3 *Caine's Rep.,* 111.

Geo. W. Prescott, Counsel for Appellant.

Masterson & Simons, Counsel for Respondent.

*By the Court.*—Atwater, J. Appeal from the District Court of the Second Judicial District. Marston sued Talcott upon two promissory notes, which read as follows, viz:

"$110 00.      St. Paul, June 10th, 1858.

"Six months after date I promise to pay Lewis P. Marston, or order, one hundred and ten dollars, with interest at the rate of six per cent. per annum from date until due, and five per cent. per month after due until paid, value received.

    (Signed.)             "H. J. Talcott."

"$48 00.      St. Paul, Oct. 19th, 1858.

"Thirty days after date I promise to pay to Lewis P. Marston, or order, forty-eight dollars, with interest after due at the rate of five per cent. per month until paid, value received.

    (Signed.)             "H. J. Talcott."

In his demand for judgment, the Plaintiff claimed interest as damages upon both notes after they became due, at the rate of seven per cent per annum. But there was no allegation of damages.

The answer admits the Plaintiff's complaint, but sets up by way of set-off, or counter claim, a note of which he alleges he is the owner and holder, in the words and figures following, viz:

"$78 00.      WINONA, Aug. 14th, 1858.

"Three months from date I promise to pay George B. Peters, or bearer, seventy-eight dollars, with interest from date until due at the rate of two and one half per cent. per month, and interest after due until paid, at the rate of three per cent. per month, value received.

(Signed.)      "LEWIS P. MARSTON."

The Defendant claims interest from the date of the note at the rate of two and a half per cent. per month. Both parties demanded an assessment of damages, and upon such assessment, the Plaintiff was allowed six per cent. per annum upon the first mentioned note, after the same became due, and seven per cent. per annum upon the second note after it became due. Upon the note described in the answer, damages were assessed at the rate of two and a half per cent. per month, from date to entry of judgment. Both parties excepted to the assessment of damages, and appeal to this Court.

The legal principles involved in the case at bar, were to some extent considered in the case of *Mason, Craig et al. vs. Callendar, Flint & Co.*, argued and decided at the last December term of this Court. But the great importance of a correct settlement of the questions raised by the exceptions, in view of the fact that almost every citizen of the State is more or less affected by them, together with the further consideration, that the Court was not unanimous in the construction given to the statute regulating interest, has induced the Court to hear a further argument on the subject. And upon a careful review of the statute, the Court is now of the unani-

mous opinion that the rule established as the measure of damages in the case above referred to, is erroneous. The other points raised in that case were fully discussed in the majority opinion of the Court, and it is believed were correctly decided and it is unnecessary further to examine them.

The result of the investigation of the Court on the question of interest in the case of *Mason, Craig et al. vs. Callendar, Flint & Co.*, 2 *Min.* 350, was that interest being the creature of contract, is recoverable *strictly as interest*, only during the continuance of the contract, and as provided by its terms, *before breach*, and not after. Whatever is recovered after breach must be recovered as damages, and not as interest. It was also held that the contract terminated at the expiration of the time limited in the note for the payment of the money. It was further held that the measure of damages for breach of contract of this kind, must be the legal rate of interest. And the error committed by the Court in that case was in determining that the legal rate of interest, constituting the measure of damages, was that specified in the note, before breach of the contract.

The first section of chapter thirty-five of the Revised Statutes, provides, that " any rate of interest agreed upon by the parties in contract, specifying the same in writing, shall be legal and valid." This section makes the interest expressly the creature of contract. In order to recover more than seven per cent., before the note was due, the parties must have agreed upon the rate, and must have expressed that agreement in writing. The first mentioned note in the complaint, is a contract in writing, to pay a certain sum, at a certain time, with an agreed rate of interest for the use of the money up to that time. That is as far as the contract extends. The payee promises the maker of the note, the use of the money for the period of six months, in consideration of receiving interest therefor at the rate of six per cent per annum. Thus far the instrument is in the usual form, and has all the requisites of a simple contract. But there is another provision in the note, which is of a different nature. The promissor agrees to pay " five per cent. per month after due till paid." If this can be

construed as a contract, it is certainly not the same in kind as that embraced in the first part of the note. There is in fact no consideration for it. There is no time limited for the expiration of the contract. It is claimed that the maker has agreed to pay the five per cent. for such length of time as the payee may choose to forbear. But the fact, that the parties have agreed in writing that the money should be paid at a day certain, excludes the idea that there could have been another understanding different from that expressed. This five per cent. cannot be claimed as interest, for interest is the sum paid for the use, or as it is sometimes expressed, for the forbearance of money. In this case, there is no agreement that the maker shall have the use of the money, or that the payee will forbear in collecting the money after the six months. The last clause of the note is, not in terms, but in substance and effect, an attempt of the parties to liquidate the damages for a breach of the contract. This the law does not permit them to do. The reasoning upon which this rule of law has been established, is entirely unsatisfactory to my own mind, and I think an agreement of parties, deliberately entered into, and fully understood, to liquidate the damages, on breach of contract to pay money, ought to be enforced as much as any other contract. But the rule has long since been settled otherwise, both in England and this country, and the question is not open for discussion. And whether the five per cent. clause be regarded as a penalty, or liquidated damages, the result is the same.

If therefore the contract between the parties terminated at the expiration of the time limited in the note for the payment of the money, the first section of chapter thirty-five cannot apply to regulate the measure of damages in this case. For that section in terms, only applies to "interest," as such, and to interest, upon a "contract." The section may be construed and have practical effect in carrying out the intent of the legislature, without violating any of the settled rules of law, when applied to contracts before breach, but if attempted to be applied to contracts after breach, leads at once to confusion and disturbance of well settled rules of law.

The second section of chapter thirty-five, provides what shall be the legal rate of interest in all cases other than those embraced in the first section. If the view taken of the operation of the first section be correct, this section furnishes the true rule for the measure of damages in a case of breach of a money contract. Seven per cent is *the* legal rate of interest, and the legal rate of interest, as held by all the authorities and by this Court in 2 *Min. R.* 350, must be the measure of damages in such cases. The rule for the measure of damages in these cases is an arbitrary one, not based either upon the actual value of money, or the loss sustained by the complainant. And although its application to contracts in this State at the present time, may result in many cases in hardship to the money lender, it is better that it should be adhered to, and will probably result in less evil, than for the Court to establish a new rule to meet the particular emergency, even had it the power to do so. The reasons for the view now entertained by the Court on this question, have been further elaborated by the Chief Justice in his dissenting opinion, in the case above cited, and it is deemed unnecessary to dwell upon them at greater length in this connection. The conclusion of the Court is, that upon each of the three notes above described, no greater rate of interest, or rather damages, can be assessed after due, than seven per cent. per annum. The counsel for the Appellant claims that the Plaintiff below is not entitled to recover any damages, as he has made no allegation in his complaint, that he has suffered damage. But where the action is brought on breach of a money contract, the law implies damages to the extent of legal interest on the sum due. To plead them, therefore, would only be to plead a legal conclusion, which is not only unnecessary, but inadmissible under the Code. The breach being admitted or proved, the damages follow as a necessary consequence, and may be estimated by a jury without proof, though the computation is frequently made by a witness as a matter of convenience. In cases where special damages are claimed, more than the rate allowed by law, they must of course be alleged and proved.

As the damages were improperly assessed upon one of the

notes mentioned in the complaint, and upon the note described in the answer, the judgment below is reversed and the cause remanded for a re-assessment of damages.