THOMAS A. HENDRICKS, Plaintiff in Error, *vs.* WILLIAM L. BANNING, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The Plaintiff purchased of the Defendant a negotiable promissory note, then overdue and purporting to bear interest after maturity at the rate of 2½ per cent. per month. taking from him a written warranty that the principal was still due and unpaid; that it was then bearing interest at the rate of 2½ per cent. per month; and that there was due at the time a specified sum. He failed to recover of the maker more than 7 *per cent. per annum* after maturity. In an action by the Plaintiff on the warranty to recover the difference between the amount actually recovered of the maker, and the sum which the note would have amounted to at 2½ per cent. per month—*Held.* that the warranty could be enforced according to its terms. *Held, also.* that a judgment which enforced it only as to the amount warranted to be due at the date of the assignment was erroneous.

Points and Authorities of Plaintiff in Error.

I.—The foundation for the action that Hendricks brought against Banning was the written contract set forth in the complaint. This contract is in all respects valid, and is supported by ample consideration. This contract is not one of suretyship. It is not a promise to answer for any default of Thompson. A surety, or one who assumes the contract of suretyship, is one who obligates himself to the creditor to pay in case the principal debtor himself makes default. A surety is only liable on default of another. Thompson's default would not make Banning liable for any part of Thompson's obligation. Whether Thompson makes default or not does not affect in any way Banning's liability. His liability exists if at all without regard to Thompson's payment, or default in his obligation. See *Birge on Suretyship, p.* 2.

II.—This contract is of the nature of a warranty. A warranty has been called a contract which accompanies a sale of chattels and relates to the title or to the quality of the chattel. But *quantity* is the subject of warranty, as that so many yards are contained in a piece of cloth. 3 *Black.*, 165. The contract is a written special warranty in regard to the note transferred, in two distinct particulars, to-wit:

1st, The amount due and unpaid on the note at the time of the transfer ; and,

2d, The rate of interest that the note was bearing.

The Defendant claims that both parties knew when the contract was made, exactly what amount was due and what interest the note was bearing, and therefore the contract relating to these particulars cannot be enforced ; that this knowledge in some way bars the Plaintiff's rights under the agreement.

We answer, that it does not appear the parties did know the facts in either of these particulars. The law relating to interest after due, on contracts of this kind, was not then settled in this State, June, 1859 ; and no person could then aver for a certainty what rate of interest the note in question was bearing. The Supreme Court subsequently changed its ruling as Hendricks then conjectured they might do, and hence the contract.

Banning, if he could get the money on the note, was willing to warrant the note to the Plaintiff in both of these particulars, viz.: The amount then due and owing, and the rate of interest the contract was bearing. The Plaintiff, if he could have these things warranted, and not otherwise, was willing to part with his money and buy the note. In view of this uncertainty both parties agreed that these subjects matter should be covered by the contract of the party.

But it matters not that these particulars were known to the parties. The knowledge of a party to a contract cannot control or affect his liability on it, unless the contract is attacked for fraud. Such a principal has never been recognized in the common law.

The principal that a general warranty does not cover defects plainly obvious to the purchaser (1 *Parsons on Contracts, p.* 459, *note i,*) is not applicable or analagous to the point in question. The principle referred to grows out of the presumption that the terms of the contract does not cover the patent defect, the terms of the contract being general, and not referring to the patent defect in express terms ; but this presumption cannot exist in this case where the warranty is special, and the very subject of the warranty embraced in

the contract and that contract in writing. The note above cited holds "that a vendor may warrant against a defect which is patent and obvious as well as against any other." *Thompson vs. Botts*, 8 *Mo.*, 760; *Wilson vs. Ferguson*, *Cheves*, 190; *Stucky vs. Clyburn*, *Cheves* 186.

III.—The Defendant says his promise was as to the legal effect of the note, and was merely that the law applied to a certain state of facts, is thus and so. This is not true in fact. This promise is not strictly to the legal effect of the note. What interest a note is bearing is a question of fact as well as law. The language of the contract is matter of fact ; the effect of the language is one of law. Is there anything to prevent a party who buys a chose in action from relying on the warranty of the vendor as to the terms and properties of the chose, rather than on his own observation ? The ordinary promise on the transfer of a note and mortgage, that a specified amount is due, is neither more or less a promise as to the legal effect of an instrument than this. A vendee in either instance may ascertain the facts from his own enquiry, observation and judgment, or he may disregard all these sources of information and rely on the express contract of the vendor. It is no objection to a contract that it goes to the legal effect of a written instrument. Where the legal effect of an instrument is uncertain in the view of the party, purchasing it he may protect himself by contract with the party from whom he takes it, from possible loss in case the instrument shall be construed against him. The Plaintiff on parting with his money obtains the Defendant's legal contract that that money should yield to him a certain rate per cent.; that such was the intention of both parties is most evident. It would be idle to hold that the contract merely related to the language and not to the spirit of the note; that the parties intended only that the letters and words and figures of the note were thus and so, without regard to rights which those letters and words were to secure to the parties ; that it did not carry those rights to the vendee, is the breach of the contract, and the only question then to consider is,—

IV.—What is the value of the right lost to the Plaintiff by reason of the breach ?

As to the first cause of action the rule is too clear to require argument. It is the difference between the amount that the Defendant warranted was due on the note, and what was actually and in fact due. That difference was found by the Court below to have been $249 55-100, for which amount the Plaintiff was allowed a judgment. On the second cause of action, which is for a breach of the contract in the second particular as to the rate of interest the note then bore, the Court below refused to allow judgment for any sum. The damages which we claim in this Court is the difference between what we could have recovered had the note borne the rate of interest warranted to us, and the amount we actually did recover.

That sum is the difference between $1000 with interest at 2 1-2 per cent. per month and at 7 per cent. per annum from the date Plaintiff bought the note, June 10, 1859, to the recovery of judgment against Thompson, May 10, 1860, which the Court below finds to be the sum of $205.00. Had we recovered the note immediately after buying it, the damage would have been nominal, the difference being small. If it is a hardship to the Defendant that the note should run a year before a recovery was had, until the difference became so large, we answer, the Defendant made the contract with full knowledge of all the consequences to which it might subject him, and had he wished to get rid of the damage to which his contract was subjecting him, he could have done so at any time by paying the note and thus have subrogated himself to the Plaintiff's rights. His contract gave him such an interest that a court of equity would give him this right, and thus he could have avoided all the damages claimed under this count.

Points and Authorities for Defendant in Error.

1.—The warranty of Defendant could not bind Banning beyond the terms of the note or debt warranted, the nature and conditions of said note being obvious and apparent to both parties. *Long on Sales* "*121," *Ed.* 1839, *p.* 202; *Schuyler vs. Ross*, 2 *Caine*, 202; *Platt on Covenants*, 533, 585.

II.—The Court below erred in giving any judgment for the Plaintiff. It appearing by the admissions in the pleadings

and facts found that the facts warranted existed as warranted,—and therefore there was no breach.

The Defendant has taken a cross writ of error to be heard on the record returned in the above by stipulation.

GEO. L. & E. A. OTIS, Counsel for Plaintiff in Error.

HENRY J. HORN, Counsel for Defendant in Error.

*By the Court*—EMMETT, C. J.—The Defendant on the 10th day of June, 1859, was the owner and holder of a certain promissory note secured by a mortgage on real estate, and on that day assigned the same to the Plaintiff, by an instrument in writing, wherein, after reciting said assignment, he stipulated that no part of the principal sum mentioned in the note had been paid; that it was then bearing interest at the specified rate of 2 1-2 *per cent. per month*; and that the sum of $1,625, for principal and interest, was then due thereon.

The note bore date June 21, 1854, and called for the payment of one thousand dollars in four months, with interest after maturity at the rate of 2 1 2 per cent. per month, payable quarterly, but specified no rate of interest for the time transpiring before maturity. The sum warranted to be due was the exact sum paid by the Plaintiff for the note; and it is observable that it is arrived at by computing the unpaid interest thereon, at the rate specified in the note after maturity, and adding it to the principal.

The transaction between the Plaintiff and Defendant took place long after the note became due, and at a time when the question of the rate of interest which could be collected on notes after they became due, was still unsettled. It is true the Supreme Court had held in the case of *Mason, Craig & Co. vs. Callender, Flint & Co.*, 2 *Minn.*, 350, that the rate was the same after as before maturity, and could be recovered by way of damages; but as the Court had not been unanimous in that opinion, and as the particular point upon which the decision was made to depend, had not been fully argued by counsel, many entertained the opinion that on a more thorough and elaborate argument the Court would adopt a different rule.

In addition to this it was extremely doubtful whether the rule laid down in the decision referred to, would extend to a note such as this, where no rate of interest before maturity is expressed, whatever may have been the contract in regard to it.

Under such circumstances it was but natural and prudent for the purchaser to protect himself against contingencies; and it was equally natural that the seller should be willing, for a sufficient consideration, to take all risk upon himself, and warrant his article of merchandize what he represented and doubtless believed it to be, to wit, a legal and valid note, drawing interest after maturity at the rate of 2 1-2 per cent. per month, on which there was then due the sum which the purchaser was paying him therefor. If he believed, and so represented to the purchaser, that there was due on the note the sum which he was requiring as the consideration of the transfer, and that it was yielding the per cent. per month profit which it purported on its face to yield, why might he not, as an inducement to the purchase, warrant the note to be as represented? Is there anything wrong in thus assuming all the risk to himself? anything illegal in such a contract? Doubtless this warranty was the sole inducement to the Plaintiff to make the investment, and we cannot see why the Defendant should not be obliged to make good his warranty in this case, as in any other.

The counsel for the Defendant insists however, that the nature and conditions of the instrument warranted were obvious and apparent to both parties, and that the warranty therefore would not be binding beyond the terms of the note.

The Defendant here appeals to the familiar rule of construction that patent defects are presumed not to be covered by a general warranty; but we think the rule was never extended to a case like the present. The reason usually given for the presumption excluding such defects, is because they are naturally within the knowledge of the purchaser. But it is held that if the articles sold are not actually examined, the warranty is binding however apparent the defect; and this, whether the failure to examine arose from any physical inability on the part of the buyer, or from mere neglect. So

too, though ample opportunity be given for examination, and the vendee be skilled in relation to such articles, yet he is not bound to exercise his skill, where he has the express warranty of the vendor. These are the conclusions at which Judge Story arrives in his work on contracts, after an examination of the authorities. (*Story on Contracts, sec.* 830.) They show that, in the application of the rule which the Defendant invoked, the presumption is controled entirely by the facts. This is quite sufficient for the case at bar; for here we have not a general warranty which might be presumed to cover obvious defects; but a special warranty expressly excluding any presumption that the purchaser intended to take the risk upon himself.

On the other hand we think it was by no means apparent in point of fact, that the sum warranted to be due on the note was not due; nor that the note was not drawing the rate of interest warranted. It is true that this Court afterwards, in the case of *Talcott vs. Marston,* 3 *Minn.,* 339, reversed the decision in *Mason, Craig, et al. vs. Callender, Flint & Co.,* on one point; and that according to the decision last made, the Plaintiff could not recover of the maker of said note the amount which the defendant warranted to be due thereon; nor a greater rate of interest after maturity than 7 per cent. per annum; yet, as the decisions stood at the time this note was transferred, the presumption, if any existed, was in favor of the Court adhering to the decisions already made. Certainly it was not obvious and apparent that a change would be made.

I think we may safely say that the parties were at least in doubt both as to the amount due upon the note, and the rate of interest which it was then bearing. The Defendant undoubtedly was of opinion that interest could be recovered on it according to its terms, and therefore estimated its value upon that basis, while the Plaintiff evidently doubted the correctness of this opinion, or he would not have insisted on the warranty. And admitting this difference of opinion or uncertainty as to the respective rights of the maker and holder, we again ask, what was there to prevent either party from taking all the risk upon himself? There was nothing

Hendricks v. Banning.

illegal,—nothing against public policy in the transaction. The rate of interest which the Defendant claimed the note was drawing, was not then unusual, nor by many considered exorbitant, and as such a rate could legally be contracted for and collected, it could not be shown that the warranty was an evasion of the usury laws or an attempt to secure by indirection what could not be directly contracted for. The Plaintiff certainly might have assumed all the risk himself by receiving the instrument without indorsement; and we are at a loss to discover why the Defendant on the other hand might not have the corresponding privilege of taking the risk wholly upon himself; why he might not in this as in other cases, insure his wares to be all they are represented, or purport to be; and thus secure to himself not only a purchaser, but a better, price.

Shortly after the assignment the Plaintiff commenced an action on the note against the maker, claiming interest according to the terms of the note and warranty, but, the maker defending, he was unable to recover more than seven per cent. per annum after the note became due. He then brought this action to recover of the Defendant on his warranty the difference between the amount recovered against the maker, and the sum which would have been due on the note according to the terms of the warranty. No question was made in the pleadings that the delay in commencing action on the note was unreasonable, nor that it was not properly and vigorously prosecuted. The amount recovered against the maker was $1375.45, being $249.55 less than the amount which the Defendant in this action warranted to be due.

The Plaintiff here claimed a judgment for the amount of this difference of $249.55, with interest thereon from the date of the assignment, and for $200, being interest on the principal sum in said note, from the date of the assignment to the time of the recovery of judgment against the maker, at the rate of 2 1-2 per cent. per month.

The Judge of the Court below to whom this case was submitted, found the facts substantially as above stated, and gave judgment for the Plaintiff for the first cause of action on the $249.55, with interest, but refused to include therein the second cause.

Both parties were dissatisfied with this judgment, and each brings his writ of error to reverse the same. We have taken up the case in which the Plaintiff below prosecutes the writ, but we cannot decide one without necessarily disposing of the other.

We see no necessity for the distinction made by the Court below, between the claim for interest warranted to be due at the date of the assignment, and that warranted to accrue afterwards; and therefore reverse the judgment below, and will permit the Plaintiff to enter judgment in this Court, for the amount due him on his several causes of action, according to the facts as found by the Judge.

This decision necessarily disposes of both writs of error to this judgment.