SAMUEL CULBERTSON, Plaintiff in Error, *vs.* JAMES A. LENNON, Defendant in Error.

#### WRIT OF ERROR TO THE DISTRICT COURT OF HENNEPIN COUNTY.

Where a party inserts a penal clause in a note, secures it by mortgage and power to sell on default, suffers a foreclosure by advertisement to be made without objection, and the mortgagee purchases the land at the full amount, penalty and all, the mortgagor cannot recover back the surplus by action at law—nor recover upon it by way of counter claim, to an action in favor of the mortgagee.

Points and authorities of Plaintiff in Error.

*First.*—That the Court erred in giving judgment in favor of said Lennon and against the Plaintiff Culbertson.

*Because,* 1st.—The answer of Defendant setting up a supposed counter claim, does not set up a cause of action in favor of Defendant and against the Plaintiff, and wholly fails to state facts sufficient to constitute a cause of action. In this it is not averred that Plaintiff received in money, property, or by virtue of purchase or contract was indebted in any sum or amount, but only alleges " that after the receipt of the $3,668 30, by

Plaintiff on account of Defendant on the 14th of February, 1859, as admitted in the amended complaint, there was a balance in the hands of the Plaintiff or his agent in favor of Defendant, of the sum of one thousand and sixty dollars, which sum is still unpaid."

2d.—It is not pretended that said claim of counter claim is predicated upon said $3,668 30, in the complaint admitted to have been bid upon the mortgaged property; if so, a demand must be averred and proved ; but said sum is stated to fix the *time* since when, or " after" which, a balance remained upon some undisclosed cause of action, either against Plaintiff, or Mr. Berkey, his agent.

*Second.*—The answer, in setting up a legal or equitable counter claim, cannot be helped by reference to the complaint; it must *itself* contain *affirmative* allegations of facts showing a cause of action sufficient to warrant and base a judgment upon.

Therefore the judgment of the said District Court cannot be sustained, because the supposed counter claim does not, in *itself* contain a cause of action.

*Third.*—If the allegation of a balance in Plaintiff's hands does show a cause of action, or money had and received to Defendant's use, a *demand* must be averred, otherwise no cause of action is stated, for the legal presumption is, the amount is rightfully retained. No judgment under the pleadings, except for costs only could be given against Plaintiff.

*Fourth.*—The price bid upon mortgage sales is supposed to be paid to the Sheriff, and neither Sheriff or (Plaintiff) mortgagee (for either may sell—*Col. Stat., page* 396, *Sec.* 60) are liable until after *demand* and *refusal :* neither of which is averred or proved. *Col. Stat.* 645, *Sec.* 13.

*Fifth.*—The Court erred in refusing to grant a new trial as demanded by said Plaintiff.

*Sixth.*—That the newly discovered evidence set forth in the affidavit of Mr. Lund, which is not controverted, entitled the Plaintiff to a new trial, and that the refusal to grant the same was, and is manifest error.

*Seventh.*—The Court before which any issue of fact is tried, must pass upon and find facts upon every material issue ; and

the allegations showing that the Plaintiff bid off the land under a mistake of the facts and the law, is a material allegation, and should have been passed upon by the Court.   *Ulman vs. Bazill,* 2 *Minnesota Rep. p.* 134.

*Eighth.*—Where a party has rendered himself liable to an action at law, through a mistake or misapprehension of the facts or law of the case, and upon being sued comes into Court and offers to submit to equities, the Court will not, in the practice under the code, enforce the legal right, but only settle the equities between the parties and restore the parties to the position they occupied before the mistake was made.

*Ninth.*—The law and Court should enforce remedies only in cases where there has been a wrong; and the pleadings and proof in this case show that there has been no wrong and no damage done to the Defendants, and before a party can lawfully recover in such a case he must show that he has tendered to the mortgagee purchaser the amount due him on the debt secured, and demanded a reconveyance of the mortgaged land so purchased, and that the mortgagee has refused to reconvey the same.

Points and authorities of Defendant in Error.

*First.*—The counter claim set up in the answer of Defendant was sufficiently well pleaded.   The allegation of indebtedness is direct—the manner only is referred to in the complaint—bringing the action is a demand in law.   *Trampton vs. Coulson,* 1 *Wis.* 33.   In action in assumpsit on the common counts, no demand need be stated or proved.   1 *Sound,* 33, *et id. p.* 2, *Bull W. P.* 151.   So also where the Defendant has acted so as to render a previous request of performance useless and unnecessary.   *Amory vs. Broderick,* 5 *B. and A.* 712, *S. C.* 1, *D. and R.* 361; *Bowdell vs. Parsons,* 19 *East,* 359.   In this Plaintiff made a demand unnecessary by claiming a balance still due him.

*Second.*—If the pleading was defective it was cured by verdict.   *Chambers vs. Handley,* 3 *J. J. Marsh,* 98; *Bell vs. Rowland, Harden,* 301; *Thompson vs. Mussar,* 1 *Dale,* 458.   The neglect in the declaration to aver performance of a condition precedent, where the liability depended on such performance,

is cured by verdict. *Keys vs. Powell*, 2 *A. K. Marsh*, 253. Facts necessary to sustain the verdict under the issues, will be presumed on error to have been proved, although not alleged in the pleadings, where the evidence is not set out in the record. *Wilson vs. Hunt*, 6 *B. Mon.*, 377; *Beard vs. McElroy*, *ib.* 46.

*Third.*—Even if the pleading was defective, Plaintiff waived the objection, by neither demurring nor moving to strike out the counter claim. This Court will not, upon writ of error after verdict examine the sufficiency of pleadings to which no exceptions were taken upon the trial. *Bryden vs. Pratt*, 2 *Tybs.* 369; *Vondersmith vs. Washmin*, 1 *Har. & Gil.* 4; *Hubbert vs. Collier*, 6 *Ala.* 269; *Clement vs. Hayden*, 4 *Bar.* 138; *Ford vs. Baird*, 1 *Chand.* (*Wis.*) 212. An objection to a pleading which might be obviated by amendments, if not made in the Court below, is considered as waived. *Quinn vs. Woodhouse*, 26 *Penn. State*, (2 *Casey*) 333.

*Fourth.*—The Court passed upon every *material* issue raised by the pleadings. There is no question of mistake of facts raised, and mistake of law is no defence either in law or in equity. 1 *Story Eq. Juris. Sec.* 111, *et. seq.* When the decision of facts is submitted to the Court its decision will be treated as the verdict of a jury, and it will not be reviewed on error, unless the evidence is made part of the record by bill of exceptions. *Bank of Virginia vs. Bank of Chillicothe*, 16 *Ohio*, 170.

*Fifth.*—The reply was a departure, a complete abandonment of the cause of action set out in the complaint, and inconsistent with the original prayer for judgment; and as such was properly disregarded by the Court.

*Sixth.*—The offer in the reply to transfer and assign the Sheriff's certificate of the sale, &c., was a mere nullity by the 19th Sec. of the statute relative to the foreclosure of mortgages by advertisement, (*Col. Statutes, page* 646, *Sec.* 19,) where the mortgaged premises are purchased at the sale by the mortgagee or his assigns, the affidavit of the publication, and of affixing the notice of sale, and of the circumstances of such sale are not merely evidence of the regularity of the foreclosure, but they are without the formality of a conveyance, to have the same

effect as a conveyance executed by a mortgagee to a third person upon such sale would have had. *Brewster vs. Power*, 10 *Paige* 568. The only tender that could have been made, would have been a conveyance executed and acknowledged with the proper formalities by the Plaintiff himself, or by some person properly authorized by him to convey real estate.

*Seventh.*—The case, affidavit and other papers, used in the Court below, in the proceedings subsequent to judgment, are no proper part of the record, and will not be considered by this Court on writ of error to set aside the judgment. *St. Anthony Mill Company vs. Clement Vandall*, 1 *Minn. R.* 250; *Reed vs. Marsh*, 13 *Pet.* 153; *Frazier vs. Campbell*, 5 *Texas*, 275.

*Ninth.*—The decision of the District Court on a motion for a new trial cannot be reviewed in error. *Coit vs. Wapels, et. al.*, 1 *Min. R.* 165. The refusal of the Court below to grant a new trial is not error. *Henderson vs. Moore*, 5 *Cranch* 11; *Marion Insurance Company of Alexandria vs. Young*, 5 *Cranch*, 187; *Burr* & *Gratz*, 4 *Wheat* 213, 4 *Cond. Rep.* 426; *Magill vs. Lyman*, 6 *Conn.* 59; *Lewis vs. Hawley*, 1 *ib.* 49; *Kimball vs. Cody, Kirby* 41; *Anderson vs. State*, 5 *Har. & J.* 174; *Clenison vs. Kraper, Breese* 162; *Harrison vs. Clark*, 1 *Scam.* 131; *Weskbeiser vs. Weskbeiser*, 6 *Watts* & *Serg.* 184; *Martin vs. Hayes*, 5 *Mis.* 62; *Chambers vs. Campbell*, 15 *Conn.* 427; *Norwich & Wooster R. R. Co., vs. Cahill*, 18 *Conn.* 484. But even in States where the decision of a Judge on a motion for a new trial is receivable on writ of error, by express statutory provision, as in Illinois, (act of 1837) a party cannot assign for error the decisions of a Circuit Court, overruling a motion for a new trial, unless he excepts to such decision and incorporates it in his bill of exceptions, his affidavit or other grounds upon which the motion was predicated. It is not sufficient that the affidavit appears in the records, and that the records show that the motion was made and overruled. *Vanderbill vs. Johnson*, 3 *Scam.* 48, *and numerous authorities to same point in Illinois Reports; also Hicks vs. Person*, 19 *Ohio*, 426.

*Tenth.*—The Court below properly overruled the motion for a new trial. The affidavit of Mr. Lund itself shows that no proper diligence was used in procuring the testimony claimed

to have been newly discovered. The party applying on the ground of newly discovered evidence must make his vigilance apparent, for if it is left even doubtful that he knew of the evidence, or that he might but for negligence have known and produced it, he will not succeed in his application. 1 *Graham & W. on New Trials*, 473; 3 *ib.* 1026, 1027, 1028, 1830, *and cases cited; Floyd vs. Jayne*, 6 *Johns Ch. R.* 482; *Coe vs. Given*, 1 *Blankf. Reports*, 367; *Robinson vs. Doe*, 6 *Blankf.* 85, *case directly in point.*

*Eleventh.*—Where no question of law was made in the Court below, and no bill of exceptions is upon the record, the judgment of the Court below should be affirmed.

SANBORN & LUND, and SMITH & GILMAM, Counsel for Plaintiff in Error.

W. HOWELL ROBINSON, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J. Culberston loaned to Lennon $2,000 for six months at three per cent. per month; the interest for the six months was added to the principal, making $2,360, and a note was given for that amount payable in six months without interest, but with a clause that it should draw " interest at the rate of five per cent per month after maturity until paid." The note was secured by mortgage on lands in Hennepin county. The note not being paid, the Plaintiff foreclosed the mortgage, and on the 14th day of February, 1859, bid in the land at the sum of $3,668.30. The Plaintiff computing his note at five per cent. per month after maturity, claimed that at the date of the mortgage sale, there was due on it the sum of $4,897.00, which, after deducting the amount of his bid, would leave a balance due him of $1,228.70. For this balance he brings this action.

The Defendant answers and admits everything stated in the complaint, save the amount due on the note, which he contests upon the ground that the clause for the payment of five per cent. per month after maturity is in the nature of a penalty to secure the payment of the principal, and cannot be recovered, and insists that there was due upon the note at the time of the

mortgage sale, only the face thereof, and seven per cent per annum after maturity to wit: the sum $2,608.26, deducting a payment of $60, which he alleges to have been made. He then claims that the price bid at the sale by the Plaintiff was so much money had and received to the use of the Defendant, and being $1,060.04 more than sufficient to discharge the note according to the Defendant's theory of computation, that amount remains in the hands of the Plaintiff as surplus money due the Defendant, and he asks judgment for it. The case was tried by the Court, who sustained the Defendant's theory, and rendered judgment in his favor for the sum claimed by him and interest. From this judgment the Plaintiff brings error.

The Plaintiff makes a number of points in his brief, upon which he claims a reversal of the judgment, the decision of which we do not deem necessary under the view we take of the case. There are principles that defeat both the Plaintiff's action, and the Defendant's counter claim and upon these we will determine the matter.

The action admits that the Plaintiff has received on the mortgage sale, the face of the note and a portion of the five per cent. per month that was stipulated to be paid after the maturity of the note, much greater in amount than seven per cent. per annum upon the face of the note from maturity to the commencement of the action, and seeks to enforce the collection of the balance of the five per cent. not paid. To this the Defendant answers that it is a penalty not recoverable. Had the Defendant stopped there, he would have defeated the Plaintiff's recovery, under the principles laid down in the cases of *Mason, Craig et al. vs. Calendar, Flint & Co.*, 2 *Minn. R.* 350, and *Marston vs. Talcott decided at the December term of* 1859. It was in the nature of a penalty and could not be enforced. The same defence would have obtained against the whole of the five per cent. clause if the Defendant had made it before the Plaintiff had collected it under his mortgage. He now for the first time objects to that recovery, and is too late. *See Bidwell vs. Whitney, decided at this term.* So much for the Plaintiff's cause of action.

The Defendant, however, is not content with defending himself against any further recovery by the Plaintiff on the note,

but seeks to recover back by way of counter claim, the difference between the face of the note and seven per cent. per annum after maturity, and the sum bid by the Plaintiff at the mortgage sale. Any demand which can be recovered by way of set-off, or counter claim, can also be made the basis of an action. In other words, if the Defendant can maintain his counter claim against the Plaintiff, and obtain a judgment on it in this action, he could have also recovered it in an action brought by him against the present Plaintiff based on such demand. If, on the other hand, he could not have sustained an action upon it against the Plaintiff in this suit, it will not avail him anything here as a counter claim.

This whole question was fully argued at the present term in the case of *Ira Bidwell vs. Eliab Whitney*, and we decided in that case, that where a party puts such a penal clause in a note, secures it by mortgage and power to sell on default,—suffers a foreclosure by advertisement to be made against him without objection, and the mortgagee purchases the land at the full amount, penalty and all, there is no possible view of the case that will authorize the mortgagor to recover back by an action at law, the sum bid beyond the principal claim and seven per cent. per annum. It is unnecessary to repeat the reasoning by which we sustained that decision, we adhere to it, and it disposes of the Defendant's counter claim. He could not have maintained an action upon it against Culbertson, and he cannot recover upon it by way of counter claim.

The judgment is reversed.

*Emmett, Chief Justice, dissents.*