LYDIA ALLEN, Respondent, vs. LELAND JONES and SARAH C. JONES, Appellants.

APPEAL FROM THE DISTRICT COURT OF GOODHUE COUNTY.

Where a note is given with a stipulation to pay four per cent. interest per month after maturity, until paid, and the maker's name is secured by a mortgage upon real estate given by another party as surety, such surety is bound by any application of payments made by his principal that fall within the terms of the note.

A contract under the interest law, as it existed in 1858, to pay a greater rate of interest than seven per cent. per annum, must be in writing, signed by the party to be charged, to be binding.

A party is aggrieved when an improper judgment is taken against him, and if he has to seek relief in this Court, and obtains a correction of the error complained of, he is entitled to his costs, unless, perhaps, in a case where it appeared that the appeal was prosecuted for vexatious purposes, and not in good faith.

Points and Authorities of Appellants.

I.—That the agreement between Leland Jones and the Plaintiff, as alleged in the complaint, did not constitute such an agreement as can be enforced either at law or in equity.

II.—That the alleged agreement between Leland Jones and the Plaintiff, if binding upon him, did not bind Sarah C. Jones, the Defendant.

III.—That the decree or judgment, if for any amount, should have been for no more than appeared from actual computation to be due upon the note, after deducting the credit of $104.92 endorsed thereon.

IV.—That Sarah C. Jones was a surety and could be bound for no more than the original note, with seven per cent. per annum interest, that being the amount for which she gave her property to secure.

V.—That if the agreement alleged was binding upon Leland Jones, it was a new agreement for which he would be personally liable, as for money paid, laid out and expended by Plaintiff for his use, and if, at Leland Jones' request, the note and mortgage was assigned to the Plaintiff, it must be considered as collateral security to the extent of her original agreement, and could only bind her to that extent.

VI.—That Sarah C. Jones, as surety, cannot be bound by parol agreement to Plaintiff, without her written obligation, and that for a valuable consideration, expressed in said writing.

VII.—That the payment of the $104.92, by Leland Jones, on the 11th July, A. D. 1859, cannot be taken and considered as a voluntary payment of a penalty, in direct contradiction to the endorsement upon said note. That the $104.92 was received upon the note.

*U. S. Digest vol. 8 and page 339, sec. 17; U. S. Digest, vol. 7, page 452, sec. 3; Rany vs. Baron, 1 Branch, 327; U. S. Digest, page 597, sec. 19; 1 Minn. R., p. 309; 2 American L. C., page 253.*

Points and Authorities of Respondent.

I.—The Defendant, Leland Jones, is estopped from denying that the amount by him admitted and agreed to be due on the 17th of October, 1858, to wit, $161.83, was in fact then due upon the debt.

II.—The answers present no issue to the allegations of the complaint in this regard.

III.—The payment made by Leland Jones, July 11th, 1859, of $104.92, was of his own money, voluntarily made, and not only voluntarily applied, but applied by his express direction, upon the amount found to be due as per the computation then made, and so as, in terms, to leave due at that date $100.

IV.—Sarah C. Jones, by her answer, admits every allega-

tion of the complaint, and avers, or professes to aver, two new facts.

1st. That she, at the date of the mortgage and subsequently, held the title in her own right of the mortgaged premises, and

2d. That if any such arrangement was made in reference to the application of the $104 payment, as set forth in the complaint, it was without her consent.

These facts constitute no defence. The money paid was not her's, and she has, and can have, no power to direct its application after the maker of the note, whose money it was, had himself applied it.

McClure & Parker, Counsel for Appellants.

Wilder & Williston, Counsel for Respondent.

*By the Court*—Flandrau, J.—On the 8th day of August, 1857, the Defendant, Leland Jones, made his promissory note for one hundred and twenty-one dollars, payable in six months, with interest after maturity at four per cent. per month until paid. On the same day said Defendant and Sarah C. Jones, to secure the payment of said note, executed a mortgage on lands which were the sole property of Sarah C. Jones, she thereby becoming the surety for her co-defendant. We may say here that it nowhere appears in the pleadings, proof or record, that Sarah C. Jones was the wife of Leland Jones, or a married woman, and the point is not made by her counsel.

On the 17th day of October, 1858, the note not being paid, the Defendant Leland Jones applied to the Plaintiff to lend him money to pay the note and mortgage, and they mutually agreed to compute the amount due, which was ascertained to be $161.33, calculating the interest at four per cent. per month after maturity, in accordance with the terms of the note. The Plaintiff then paid to Leland Jones that sum, and took an assignment of the note and mortgage for her security, they agreeing that the new principal of $161.33 should bear interest at the rate of three per cent. per month. The only memorandum that was made of this agreement was an in-

dorsement upon the note not signed by either party, in the following words :

"Red Wing, Oct. 17, 1858.   I hereby agree that the interest on the amount due on the within note shall be three per cent. per month from and after this date, the amount being one hundred and sixty-one dollars and thirty-three cents—$161.33."

This agreement not having been signed, and no explanation for the omission appearing, must be regarded as resting in parol, and as such, would not be valid within the provision of the interest law, which allows parties to fix their own rates of interest in writing. *Comp. Stats.*, 376, sec. 1; *Mason, Craig et al. vs. Calender, Flint & Co.*, 2 *Minn.*, 372. It would therefore not bind even the Defendant Leland Jones, who made it, so far as the rate of interest is concerned, and only seven per cent. per annum could be recovered upon it.   It must be further noticed that it does not pretend to give any extension of time for the payment of the note.   The effect of the transaction was, therefore, simply a voluntary adjustment by the parties of the amount due for the satisfaction of the purchaser of the security.

Subsequently, and on the 10th day of July, 1859, the Defendant Leland Jones applied to the Plaintiff to make a payment on the note, and wished to pay such a sum as would reduce the amount due to exactly one hundred dollars.   It was ascertained that there was due two hundred and four dollars and ninety-two cents, computing the interest at three per cent. per month upon the $161.33 fixed as the sum due on the 17th of October, 1858.   Jones then paid $104.92, and the following endorsement was made on the note :

"Received July 11, 1859, on the within note, one hundred and fonr 92-100 dollars, which leaves on the note unpaid at this date, one hundred dollars."

This payment was within the terms of the note as originally made, and for the payment of which Sarah C. Jones mortgaged her lands as security, and is charged with full knowledge.   We have frequently held that notes of this character are not void as to the excess of interest, but voidable only at

the option of the promissor, and that when payments are made voluntarily according to the terms of the paper, the question is closed to all parties who originally assumed the obligation. A surety upon such paper has no right to complain that his principal has fulfilled his contract according to its terms, and cannot be supposed to have entered into the contract of suretyship upon any expectation that he would do otherwise. We see nothing in any of the arrangements that were made between Leland Jones and the Plaintiff that affected the rights of the surety. We think the Court was right in holding that she was bound by the application of the payment made, first to reduce the interest pursuant to the terms of the note, and then the balance to apply on the principal as far as it will go.

The case stands thus. The parties originally agreed to pay $121 on the 8th day of February, 1858, which is the due date of the note, with interest after that time at four per cent. per month until paid. The maker has never shown any disposition to repudiate this agreement until suit was brought. He made an arrangement for a different rate of interest on a different sum, which, as we have shown, was not binding. He made a payment on the 11th day of July, 1859, of $104.92, and stipulated that there was then $100 due. If the interest is computed at three per cent. per month on $161.33 from October 17, 1858, it would leave $100 due at the date of the payment. If it is computed at four per cent. per month from the due date of the note, on the principal sum therein stated, it amounts to about one dollar less. We can discover no binding consideration for the stipulation that one hundred dollars was the sum remaining due after the payment; therefore, if the holder had tried to enforce the payment of that sum against the surety, she could have had it reduced to the sum actually due according to the terms of the note. An agreement affecting the rights of a surety so as to work his discharge, must be valid and enforceable at law. The sum really due upon the note now is to be arrived at by computing the interest on $121, from the due date of the note, at four per cent. per month, until the payment of $104.92 was made, adding the interest to the principal and deducting

the payment; the balance forms a new principal upon which the Plaintiff should recover damages for its non-payment at the rate of seven per cent. per annum. This computation will be made by the Clerk of this Court, and the decree of the Court below will be modified by inserting therein the sum so found to be due upon the note and mortgage, and affirmed in all other particulars.

A party is agrieved when an improper judgment is taken against him, and if he has to seek relief in this Court, and obtains a correction of the error complained of, he is entitled to his costs, unless, perhaps, in a case where it appeared that the appeal was prosecuted for vexatious purposes, and not in good faith. Such was not the case here. The Plaintiff in Error is entitled to his costs.