WILLIAM A. SPENCER, *et al.*, Plaintiffs in Error, *vs.* ANDREW LEVERING, *et al.*, Defendants in Error.

#### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The agents of a mortgagee who have collected rents from tenants on the mortgaged property before foreclosure, and without the consent of the grantees in fee of the mortgagor, are liable in an action in favor of said grantees for the amounts so collected, so long as the same remains in their hands or under their control. In such action the agents of the mortgagee may avail themselves of almost any defence which their principal may have ; but the owner of a mortgage has no right to interfere with the mortgaged property before foreclosure, without the consent of the mortgagor or his assigns. And taxes paid by his agents, before foreclosure, cannot be offset in such an action for rents in favor of the grantees of the mortgagor. Nor can an unpaid balance remaining due after the mortgage has been foreclosed, (and before the expiration of the redemption allowed by law,) be set off by the agents in such an action for rents in favor of the grantees of the mortgagor ; and it seems, not even were the mortgagor the Plaintiff.

Where a cause was tried before a Referee, the objection that the record does not show an order referring the cause to the Referee for trial, should have been urged in the Court below. It cannot be made in the Supreme Court for the first time.

### Points and Authorities of Plaintiffs in Error.

I.—It does not follow from the mere fact that they were " seized of the fee simple title" of the land that they were entitled *prima facie* even to the rents or to the possession thereof. The estate alleged and found in the Plaintiffs below is not necessarily an estate in possession. *Comp. Stats., pp.* 377 *and* 378; 1 *Burrill's Law Dic.,* 516.

II.—There is no pretence that the " occupants" from whom these rents were collected were the tenants of Levering and Morton. On the contrary, the presumption, from the facts found, is that they were not, but that they were the tenants of Alexander W. Bradford, the assignee of the mortgagee of the premises and the holder of the mortgage, or the purchaser of the mortgaged premises under the mortgage sale.

As a mortgagee in possession, or if he had purchased upon the foreclosure—the mortgage having been given in 1856, and the time for redemption not having expired—he was entitled to the rents and profits. *Willard's Eq. Juris., pp.* 445, 446; *Rev. Stat. of* 1851, *p.* 436, *sec.* 11.

vol viii.—59

III.—If these rents were collected after the foreclosure and by the purchaser, then clearly the Plaintiffs below should not recover. If they were collected before the foreclosure the mortgagee (or his assignee) whether in possession or not, has a right to retain them in payment *pro tanto* of the taxes by him paid upon the mortgaged premises; or at all events in an action against him by Levering and Morton, for the moneys so collected, the amount so paid by him for taxes would be a valid counter-claim. *Sess. Laws of* 1862, *chap.* 6, *sec.* 4, *p.* 40.

IV.—The action should be against Alexander W. Bradford the Plaintiffs in Error having acted in the matter only as his attorneys and by his direction, and that at least under color of right in the principal, are not liable. *Judson vs. Gray*, 11 *N. Y. Rep. 1st Kernan*, 411 *to* 415, *and cases there cited; Ford vs. Williams*, 13 *N. Y. Rep.* (3d *Kernan*) 584 *to* 586; *Paley on Agency*, 388, 389 *and* 390 (18 *Law Lib.* 165, *&c.*)

V.—There has been no order made referring the cause for trial. The proceedings before the Referee were therefore without jurisdiction, and void. *Comp. Stats., p.* 563; *Litchfield vs. Burrell*, 5 *How. Pr. Rep.*, 343.

Points and Authorities of Defendants in Error.

I.—From the record it appears that the Defendants in Error (Plaintiffs below) have been seized of the fee simple title to the property since the 8th of October, 1857, to the commencement of the action. This seizen carried with it the right of possession, the right to the rents and profits, unless some better right can be shown to such possession and rents, not inconsistent with such seizen. The "occupants" would be supposed to be the tenants of the person having the seizen in fee, until it is made to appear that they occupy in some other capacity; and if it is claimed that they occupy as tenants of Bradford, he must show that fact, the presumption being against it. Bradford, as the holder of the mortgage, even after the condition broken, would not be entitled to the possession as against the mortgagor, unless he could come lawfully into the possession.

Spencer et al. v. Levering et al.

After condition broken in a mortgage the mortgagor is no longer seized in fee simple, but has only the right of possession. *Pace vs. Chadderdon*, 4 *Minn.*, 499.

The record in the present case shows that the Defendants in Error at the time the action commenced had been seized of the fee simple title of the property since October 8th, 1857.

Therefore if the case turns on who had the legal seizen of the property at the time the rents were collected, the Defendants in Error are entitled to recover, as such seizen is found to be in them at that time.

II.—Nothing can be set up as a counter claim that may not be made the foundation of an action against the Plaintiff. The state has no personal claim against the owner for the taxes thereon, and the legislature has no power to give such personal claim to any one who may thus pay such taxes. The owner has the right to pay the taxes on his land, or let the land be taken therefor. The legislature may preserve the lien upon the land in favor of the party paying the taxes, and provide the mode of enforcing such lien as it has done, and nothing more.

III.—The money being in the hands or under the control of the Plaintiffs in Error, when demanded by Defendants in Error and suit brought, the action may be maintained. 4 *Burr*, 1986; 5 *Taunt.*, 815; 7 *John.*, 179; 10 *Peters*, 137; 13 *Peters*, 263; 7 *Cow.*, 456.

The order of reference was made by the Court, pursuant to the stipulation set forth in the record, and even if it had not been, it is too late now to raise the question, as it was not raised before the Referee, or in the Court below. They should first have applied to the Court below. It will be noted that no exceptions of any character were taken before the Referee or in the Court below.

BIGELOW & DALRYMPLE, Counsel for Plaintiffs in Error.

SMITH & GILMAN, Counsel for Defendants in Error.

*By the Court.*—EMMETT, C. J.—The facts of this case are in substance as follows:—Some time in the year 1856, one

William H. Randall was the owner of certain property described in the complaint, and as such mortgaged the same to one John Randall, to secure the payment of a sum of money. Afterwards in the year, 1858, Wm. H. Randall conveyed said premises to the Plaintiffs below, who have since that time to the commencement of this action been seized in fee of the same. John Randall assigned his said mortgage to one Bradford, but at what time does not appear. It does appear, however, that, intervening the 20th of June, 1861, and the 9th of February, 1862, (the day when the summons was served,) the Defendants below, as the agents, and by instruction of said Bradford, the assignee and holder of the mortgage, but without the knowledge or consent of the owners of the fee, collected from the tenants of said premises rents to the amount of $600, which they refused to pay over to said owners on demand, although at the time of such demand, the money thus collected was still in their possession or under their control. They also, about the time of making these collections, paid on behalf, and as the agents of said Bradford, about $2,000 of taxes assessed against said premises. It further appears that Bradford had foreclosed his mortgage, by a sale of the mortgaged property, the proceeds of which, however, were insufficient to satisfy the claim, and that there is still an unpaid balance of $40,000. When this sale on foreclosure took place is not stated, but it is admitted that, at the time of the trial, April 24, 1863, the time for redemption, which could have been one year only, had not expired; consequently it must have happened within the year immediately preceding. This would bring the sale under the statute of March 12, 1860, so far as regards the possession of the property, during the time allowed for redemption, and would leave the right of possession for the first year of that time with the mortgagor or his successors in interest. *Stone vs. Bassett*, 4 *Minn.*, 298; *Heyward vs. Judd, id.*, 483.

The action was brought directly against the agents who collected the rents; and they set up as defences that they acted as agents merely of said Bradford, the assignee of the mortgage, and as such had applied and appropriated all the moneys so collected to the payment of taxes due upon the

property. They further claim that as Bradford was the real party who collected these rents, he has the right to set off against any demand for them an equal amount of the taxes by him paid ; and also that he may set off against the same a portion of the sum remaining yet unpaid, after exhausting the property mortgaged.

The issues were tried by a Referee, who reported the facts above recited, and also a judgment tor the amount of rents collected, in favor of the Plaintiffs. The Defendants bring the case here by writ of error.

There can be very little doubt that the Defendants below were liable directly to the owner of the fee for the rents collected, so long as the money remained in their hands, or under their control ; and that such liability became fixed when demand was made. The cases referred to in the brief of the Defendants in Error are fully up to this doctrine. It is readily admitted, however, that they can avail themselves of almost any defence which their principal may have ; and this brings us at once to a consideration of the rights which Bradford had in the premises. In what capacity, or by what authority, did he assume to collect the rents through his agents, the Defendants below ? The facts found show that he was the assignee of the mortgage, and that he sold the property to satisfy his mortgage claim ; but when the property was so sold, or to whom, nowhere appears. It is equally uncertain whether the taxes were paid, and the rents collected before said sale or afterwards.

The Plaintiffs in Error endeavor to take advantage of this very uncertainty in regard to the character in which Bradford interfered, etc., but we are of the opinion that it tells heavily against them. As the simple owner of the mortgage, Bradford would have no right to interfere with the mortgaged property before foreclosure, without the consent of the mortgagor or his assigns. Before the sale, therefore, he could not legally collect the rents himself, nor authorize any one else so to do. He might, however, have had authority to pay off the taxes and add the amount thus paid to his original mortgage lien, and collect it as a part thereof. *See Stat. of* 1862, *p.* 40, *sec.* 4 ; *also, Com. Stat.,* 244, *sec.* 101.

And there is every reason to believe that the taxes were so paid with this intent alone, and that this took place before the sale. After the property was exhausted by the sale, the holder of the mortgage would have no interest in paying the taxes due on the property sold, unless he had become the purchaser at the sale, in which event, having necessarily bought subject to the taxes due thereon, he would pay them off in his capacity of purchaser only, and for the sole purpose of protecting his purchase.

It is apparent, therefore, that Bradford, in order to have the shadow of a claim for reimbursement for taxes paid, must have paid them before foreclosure, and in his capacity of assignee of the mortgage lien. This he could do only by virtue of the statutes above referred to ; and the only claim they have provided for reimbursement is by way of adding the amount so paid to the original lien, and collecting it as a part thereof. He acquired thereby no personal claim against the mortgagor, but must look to the mortgaged property alone for reimbursement. The amount became a part of or was merged in the original mortgage lien; and, if it cannot be said to have been first paid out of the proceeds of the sale, forms a part of the amount remaining unpaid. We do not see therefore how these taxes can be set off against the demand for rents collected.

But cannot a portion of the $40,000 which still remains unpaid be offset against this claim ? We do not think that it can. The lien of Bradford was upon the the land mortgaged, or, if he had any personal claim for the amount remaining unpaid, it is against the mortgagor, and not against those to whom he has conveyed the premises. The Plaintiffs below as the grantees of Wm. H. Randall, were, as against the mortgagee and his assigns, entitled to the rents, uses and profits of the premises, from the time of the conveyance to them of the fee up to the day of the sale on foreclosure, and for one year thereafter. They were not personally responsible for the taxes, and, for aught that appears, the taxes which were paid might all have accrued prior to their purchase. The whole value of their purchase may have consisted in the rents and profits up to the time of sale on foreclosure, and during the time

given for redemption. It would be a great injustice, therefore, to permit the holder of the mortgage to collect the rents during this time and apply them on a claim which, if it is not confined to the property alone, cannot be enforced against the parties to whom the rents are due and payable.

On the other hand, even supposing that no assignment of the property had ever been made, and that Randall, the mortgagor, was the Plaintiff in this action, it is by no means clear that such set off could be made; for it does not appear that the remedy of the assignee of the mortgage is not confined to the property mentioned in the mortgage. *Com. Stat.* 398, *sec.* 6.

The other point made by the Plaintiffs in Error, to wit, that the record does not show an order referring the cause to a referee for trial, should have been urged in the Court below; it cannot be made here for the first time.

The judgment of the District Court must be affirmed.